301 F.2d 544
 112 U.S.App.D.C. 220
 Robert F. KENNEDY, Attorney, General of the United States, Appellant,
v.
Selina ROMMEL et al., Appellees.
Robert F. KENNEDY, Attorney General of the United States, Appellant,
v.
Laura Irene DE COURTEN, a/k/a Laura Irene Von Courten, Appellee.
 Nos. 16447, 16450, 16448, 16449.
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 11, 1962.
Decided March 15, 1962.
 
 Mrs. Pauline B. Heller, Atty., Dept. of Justice, with whom Asst. Atty. Gen., William H. Orrick, Jr., Messrs. Morton Hollander and Arthur R. Schor, Attys., Dept. of Justice, were on the brief, for appellant.
 Mr. James H. Mann, Washington, D.C., with whom Mr. John W. Pehle, Washington, D.C., was on the brief, for appellees.
 Mr. Richard Bancroft, of the bar of the Supreme Judicial Court of Massachusetts, Boston, Mass., who was on the brief for appellees, was introduced to the court pro hac vice, but did not argue.
 Before WILBUR K. MILLER, Chief Judge, and PRETTYMAN and FAHY, Circuit judges.
 PER CURIAM.
 
 
 1
 Under section 9(a) of the Trading with the Enemy Act[1] appellees sued the Attorney General, appellant herein, to recover property vested under the Act by appellant's predecessor as Alien Property Custodian. The vesting orders were five in number. The first was issued in 1947 and the others in 1951.
 
 
 2
 A suit may be maintained under section 9(a) only by one who is not an 'enemy' as that term is defined in section 2(a) of the Act.[2]
 
 
 3
 During World War II, and until January 1946, appellees concededly were citizens and residents of Germany. They thus acquired enemy status under the Act. They left Germany in January 1946, and entered Switzerland. By reason of evidence of (1) their intent to make Switzerland their permanent home, (2) the renunciation of German citizenship by appellee De Courten and her declaration of intention to maintain Swiss nationality, and (3) the naturalization of the other appellees as Swiss citizens, together with the fact that they were all residing in Switzerland prior to any of the vesting orders, they contend that their previous enemy status was removed before the vesting of the their properties and that when the present actions were filed they were no longer enemies within the meaning of the Act.
 
 
 4
 On the authority of N. V. Handelsbureau La Mola v. Kennedy, 112 U.S.App.D.C. , 299 F.2d 923, decided during the pendency of these appeals, we hold that the enemy status of appellees for purposes of the Act continued to the time of the vesting orders, thus preventing appellees from maintaining their suits under section 9(a) of the Act.
 
 
 5
 The judgment in favor of appellees is accordingly reversed, and the cases remanded for dismissal of the complaints for lack of jurisdiction.
 
 
 6
 It is so ordered.
 
 
 7
 WILBUR K. MILLER, Chief Judge, (concurring in the result only).
 
 
 8
 While this case was under submission, my brothers here and a third judge handed down a decision in N. V. Handelsbureau La Mola v. Kennedy[1] which had been heard shortly before the hearing of the present appeals. As I did not participate in that case, I had no opportunity to protest against the decision rendered. Although I do not agree with it, the Handelsbureau opinion is a binding precedent which requires reversal here. For that reason only, I concur in the result of the majority opinion in these appeals.
 
 
 
 [1]
 40 Stat. 411 (1917), as amended, 50 U.S.C.App. 1-40 (1958)
 
 
 [2]
 Under this provision, an 'enemy' is defined in part as 'any individual * * * resident with the territory * * * of any nation with which the United States is at war * * *.' 40 Stat. 411 (1917), as amended, 50 U.S.C.App. 2(a) (1958)
 
 
 [1]
 No. 16,471, decided February 1, 1962