**William A. GRAVES, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

No. 2313.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 19, 1959.

Decided May 20, 1959.

**260**

William A. Smith, Washington, D. C., for appellant.

William T. Clague, Allan C. Swingle, Washington, D. C., and Stephen L. Jennings, Bethesda, Md., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant, having secured a judgment against one Ledbetter, issued a garnishment against the appellee insurance company. The latter answered denying any indebtedness to Ledbetter. More than eleven months later, appellant traversed the answer to the garnishment and after a hearing, judgment was entered for the insurance company pursuant to Rule 69(e) of the Municipal Court Civil Rules. No appeal was taken, but eleven days thereafter, appellant filed a motion "to alter or in the alternative to set aside the judgment." The motion was denied after a hearing before a judge other than the one who preside at the traverse hearing and this appeal was taken from that ruling.

The character of appellant's motion presents some confusion. Since the nature of a motion must be determined by the relief it seeks, a brief review of the prior proceedings is of some assistance. At the traverse hearing, the insurance company claimed that its compliance with Rule 69(e) entitled it to judgment. That rule provides:

> "After the filing of the answer of a garnishee, he may give notice thereof to the party at whose instance the garnishment was issued, and if such party shall not join issue thereon within 5 days after such notice, the garnishee shall be entitled as of course to judgment in accordance with his answer, unless the time shall be extended by the court."

In accordance with this rule, the insurance company asserted that notice of its answer had been given counsel and appellant's traverse had not been filed within the five-day requirement. Appellant did not attempt to rebut the representations as to notice, but in his subsequent motion claimed surprise at the insurance company's reliance on this rule and further asked that the judgment be set aside on the ground that notice of the garnishee's answer had not been received.

It is apparent from the arguments made in support of the motion that appellant's attack is not on the judgment, but on

the court's implicit finding that notice had been given. If this is the case, a motion to alter the judgment under Rule 59(g) is clearly inapplicable. That motion is available only to amend or modify a judgment that fails to conform to the verdict or finding. It does not attack error made in arriving at the verdict or finding.[1]

Although Rule 60(b) was cited by appellant in the motions court, no specific reference to that rule has been made in his argument before us other than a brief allusion to his contention of "surprise." Subsection (1) of 60(b) provides that the court may relieve a party from a final judgment on the grounds of mistake, inadvertence, *surprise,* or excusable neglect. As used in this rule "surprise" denotes some condition or situation in which a party is unexpectedly placed to his injury without any negligence on his part and which ordinary prudence could not have guarded against.[2] The relief provided for in 60(b) (1) is of little assistance in this case. Appellant is charged with a knowledge of the trial court's rules and knew or should have known that the insurance company might reasonably rely on Rule 69(e). If counsel was surprised at the hearing, he made no attempt to make it known. No evidence was offered to rebut the representation that notice had been given him and no request was made for a continuance to obtain such countervailing evidence as might be available. Certainly the receipt of notice was a matter peculiarly within the knowledge of counsel.

Having discounted these, it would seem that the relief actually sought in appel-lant's motion was a rehearing of the traverse proceeding on the issue of notice. A motion for rehearing is in all respects the same as a motion for a new trial.[3] An order denying such a motion is not an appealable order; however, where the motion for rehearing is seasonably filed, the running of time for appeal is suspended until its disposition and the appeal is regarded as having been taken from the judgment in the case.[4]

Treating the motion as one for rehearing, we are of the view that this appeal should be dismissed for either of two reasons. First, because under Rule 59(b) the motion must be filed after findings have been made and before judgment is rendered. In this case, judgment was entered the day of the hearing and appellant's motion followed several days later. Even assuming that an exception to the above rule might be made in traverse hearings to permit the filing of a motion for rehearing after judgment, Rule 59(b) imposes the requirement that the motion be made within four days. One extra day will be added where, as here, the ruling is made out of the presence of the parties or counsel and notice is given by mail.[5] Appellant's motion was filed eleven days after the court's ruling and therefore was not timely. While the motion should have been addressed to the judge who presided at the traverse hearing, in view of the above we do not think appellant was prejudiced by the ruling of the second judge in motions court. Accordingly the appeal will be

Dismissed.

1. Cohen v. Holmes, D.C.Mun.App., 106 A. 2d 147.

2. See McGuire v. Drew, 83 Cal. 225, 23 P. 312, construing the California Code from which the language in 60(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Municipal Court Civil Rules was taken.

3. Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782.

4. Safeway Stores v. Coe, supra; Diatz v. Washington Technical School, D.C.Mun. App., 73 A.2d 227, affirmed sub nom. Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26.

5. United Retail Cleaners and Tailors Ass'n of D. C. v. Denahan, D.C.Mun.App., 44 A.2d 69.