**Ursula GRIFFIN et al., Appellants,**

**v.**

**Robert F. KENNEDY, Attorney General, as Successor to the Alien Property Custodian, Appellee.**

**No. 18505.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 28, 1965.

Decided Feb. 25, 1965.

---

Mr. Paul M. Craig, Jr., Washington, D. C., for appellants.

Mr. Carl F. Goodman, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of court, with whom Asst. Atty. Gen. John W. Douglas, and Mr. Morton Hollander, Atty., Dept. of Justice, were on the brief for appellee. Messrs. John C. Eldridge and Lawrence A. Klinger, Attys., Dept. of Justice, also entered appearances for appellee.

Before WASHINGTON, WRIGHT and MC-GOWAN, Circuit Judges.

PER CURIAM.

Of the three appellants before us, two are presently citizens and residents of the United States, and one is a citizen and resident of Argentina. In 1932, when they were all citizens and residents of Argentina and aged 9, 8, and 6, respectively, they were taken to Germany by their parents, assertedly for reasons having to do with their father's health and upon the occasion of his retirement on a pension payable to him from a German company. Although it is alleged that the family tried to leave Germany upon the outbreak of war in 1940, and did move to Italy for a time, the availability of the pension payments only in Germany necessitated, so it is said, a return to Germany. The father died in 1945, and after the war appellants were, as Argentine citizens, repatriated to Argentina at the expense of that country.

By a vesting order issued in 1950, certain property allegedly belonging to appellants was seized by the United States, and an application for its return has been denied. In a suit for its recovery filed under the Trading with the Enemy Act, 50 U.S.C. App. § 1 *et seq.*, cross-motions for partial summary judgment were filed, together with a stipulation of facts

which, among other things, recited that appellants had "resided throughout World War II in Italy and Germany." [1] When the motions came on to be heard, the trial court, by express reference to this recital in the stipulation, noted that appellants must thereby be taken to have admitted being enemies within the meaning of Section 2 of the Trading with the Enemy Act and, accordingly, unable to pursue the remedies for the recovery of seized property afforded by that statute. Without reaching the merits of appellants' motion, therefore, the court denied it and granted the Government's cross-motion which specifically asserted the jurisdictional defect apparent on the face of the stipulation.

■■ The stipulation, however, also recites that it was "entered into only for purposes of plaintiff's Motion for Partial Summary Judgment and not for any other purpose or use in trial." It was apparently the honest belief of appellants' counsel that the particular issue relied upon by him in support of summary judgment [2] was not legally incompatible with an admission, for this purpose only, that appellants "resided" in enemy territory throughout the war. But, in order to assert infirmities in the vesting order,

appellants have to be in court; and, as the trial judge correctly recognized, they cannot be in court if they are enemies as defined by the statute. It seems to us, however, that appellants intended to make no such concession for all purposes of this litigation; [3] and that, although their counsel misconceived the relationship of the jurisdictional issue to the relief he sought by way of summary judgment, his error should not deprive appellants at all events of their opportunity to prove the allegation in their complaint that they were not in fact enemies within the meaning of the Trading with the Enemy Act. The Supreme Court has taught that residence within the contemplation of Section 2 of that statute is not coterminous with presence. Guessefeldt v. McGrath, 342 U.S. 308, 72 S.Ct. 338, 96 L.Ed. 342 (1952). We, of course, have no opinion as to whether, after inquiring into all the facts and the making of findings with respect thereto, the trial court should or should not conclude that appellants are under a statutory disqualification to pursue this claim. We simply think that, under the circumstances presented by this record, counsel's ill-advised and artlessly executed effort to

1. The significance of the word "resided" is that the Trading with the Enemy Act defines "enemy" as *inter alia* any individual "resident" within enemy territory. Thus, appellants' apparent factual concession was in the very terms used by the statute as foreclosing its availability. Compare 50 U.S.C. App. §§ 2(a) and 9(a).

2. The point advanced by appellants was that, by reason of the nature of the property involved, the vesting order was not in compliance with the conditions laid down in the executive order representing the source of authority for its issuance. This claim was based upon something said by the Third Circuit in the course of its opinion in Willenbrock v. Rogers, 255 F.2d 236 (3d Cir. 1958). We note only that what *Willenbrock* actually decided was that the plaintiff there should be given a chance to prove that she was no longer an enemy on the date of the vesting order, since the order would not apply in such a circumstance—a prop-

osition squarely at variance with what this court has considered to be the law. N. V. Handelsbureau La Mola v. Kennedy, 112 U.S.App.D.C. 92, 299 F.2d 923, cert. denied, 370 U.S. 940, 82 S.Ct. 1582, 8 L.Ed.2d 808 (1962); see also Kennedy v. Rommel, 112 U.S.App.D.C. 220, 301 F.2d 544, petition for cert. dismissed, 371 U.S. 882, 83 S.Ct. 155, 9 L.Ed.2d 119 (1962).

3. The Government argues to us on this appeal that, even if the stipulation be disregarded, an affidavit by appellants' mother, submitted in opposition to the Government's cross-motion, shows the same fact of appellants' residence in enemy territory throughout the war. But this affidavit does not use the fatal word "resided" as does the stipulation; it simply states facts showing the presence of appellants in Germany and Italy during the years in question. It was perhaps for this reason that the District Court referred only to the stipulation as the basis of his ruling.

seek summary judgment should not deprive his clients of their day in court.

It is suggested in the papers before us that the trial court initially had a similar reaction and suggested to counsel that he seek relief under Rule 60(b), FED.R.CIV.P. But counsel's motion to this end was rebuffed when made. We think it should have been granted and this litigation restored to the complaint and answer stage. The judgment in the District Court granting summary judgment as against appellants is vacated and the case remanded for further proceedings not inconsistent herewith.

It is so ordered.