Katherine WALLACE, et al., Appellants,

v.

WAREHOUSE EMPLOYEES UNION
#730, Appellee.

No. 83–885.

District of Columbia Court of Appeals.

Argued April 26, 1984.

Decided Oct. 12, 1984.

T. Clarence Harper, Washington, D.C., for appellants.

John R. Mooney, Washington, D.C., with whom Hugh J. Beins, Washington, D.C., was on brief, for appellee.

Before FERREN, TERRY and ROGERS, Associate Judges.

ROGERS, Associate Judge:

In this appeal from an order granting summary judgment in favor of appellee and the denial of appellants' motion to reconsider that order, we hold that appellants' motion for reconsideration was filed under Superior Court Civil Rule 59(e), and that the motion was timely since Rule 6(e) is applicable to Rule 59(e) motions and each period of time under those rules is to be considered separately in computing time under Rule 6(a). Thus, appellants' notice of appeal from the denial of the motion was timely. Upon review of the record, we find no abuse of discretion by the trial court in denying the motion for reconsideration, and accordingly affirm the judgment below.

## I.

An intra-union dispute between members (appellants) and officials of Warehouse Employees Union, Local 730 (appellee) resulted in appellants filing suit on June 16, 1982 in the Superior Court of the District of Columbia alleging that the union had violated its bylaws in selecting a shop steward.[1] On July 1, 1982, the union filed a petition for removal in the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1446 (1973), and appellants filed a motion to remand the case to the Superior Court. On July 20, the union filed a motion for summary judgment in the federal court.[2] Appellants then filed a

---

1. Appellants, four member of the appellee union and employees of the Great Atlantic & Pacific Tea Co. (A & P), alleged that appellee's selection of a shop steward, who automatically gained "super seniority" over other union members, violated the union bylaws. One appellant had applied for shop steward, but was not selected; all appellants were subsequently laid off by A & P. Appellants contend their order of layoff and positioning on the rehiring register was errone-

ous and a direct result of appellee's improper selection of a shop steward.

2. Appellee contended in its motion for summary judgment that appellants had failed to exhaust the grievance provisions of the collective bargaining agreement and the internal union appeals procedures, and that the union bylaws had not been violated since the shop steward was selected by the president and secretary-treasurer of the union; attached to the motion were affi-

motion for an extension of time to respond to the motion for summary judgment, until after the motion to remand had been acted upon. After a hearing, the federal court denied the petition for removal on August 25, 1982, and granted appellants' motion to remand the case to the Superior Court.

On January 11, 1983, Judge Goodrich of the Superior Court of the District of Columbia issued an order directing appellants to file an opposition to the motion for summary judgment by January 31, 1983. Appellants responded on that date that the motion for summary judgment was rendered moot by the federal remand order and, since the union's motion had not been revived in the Superior Court, there was nothing to which appellants could respond.[3] The union responded that appellants' legal position was incorrect, citing appropriate authorities,[4] and that the motion for summary judgment was properly pending in

the Superior Court. On March 3, 1983, the motion for summary judgment was granted as unopposed by Judge McArdle.

Appellants filed a motion for reconsideration on March 17, 1983, in which they also addressed the merits of the motion for summary judgment. A hearing was held on July 18, 1983, before Judge Doyle, who denied the motion. Appellants filed a notice of appeal on August 10, 1983.

## II.

### Rules 59(e) and 60(b)(1).

To determine our scope of review,[5] we first determine whether appellants' motion for reconsideration is properly to be considered a motion filed pursuant to Super.Ct.Civ.R. 59(e)[6] or Super.Ct.Civ.R. 60(b)(1).[7] The motion papers did not cite the rule under which it was filed, and the order by the motions judge did not indicate

davits of John H. Cleveland and Roosevelt C. Murray, President and Secretary-Treasurer of the union, respectively.

3. The federal remand order was accompanied by a memorandum which reviewed appellee's claim that the federal court had federal subject matter jurisdiction. In examining the merits of appellants' claims to "the extent necessary to dispose of the motion to remand," the federal court's findings concluded that appellants' dispute arose solely out of the union bylaws and that upon remand claims to the contrary would be precluded. Appellants claimed at the hearing on their motion for reconsideration before Judge Doyle that the remand order disposed of all issues relating to the collective bargaining agreement raised by appellee. We do not read the order or memorandum to do so.

Appellants' response also claimed the federal court's remand rendered moot appellants' motion for an extension of time to reply to the motion for summary judgment, arguing that since the motion for summary judgment was moot the motion for an extension of time was unnecessary. The response did not address any of the substantive issues in the summary judgment motion nor dispute any of the facts asserted in that motion.

4. *See Ayres v. Wiswall,* 112 U.S. 187, 190–91, 5 S.Ct. 90, 91–92, 28 L.Ed. 693 (1884) (once case remanded to state court, state court to determine what shall be done with pleadings filed and testimony taken while case pending in federal court).

5. A timely motion filed pursuant to Rule 59 tolls the time for appeal of the underlying judgment, *Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 47 (D.C.1978); a motion under Rule 60(b) does not, *Smith v. Canada,* 305 A.2d 521, 522 (D.C.1973), and our review is limited to whether or not the trial court abused its discretion in denying the Rule 60(b) motion. *Joseph v. Parekh,* 351 A.2d 204, 205 (D.C.1976).

6. Super.Ct.Civ.R. 59(e) provides:

(e) *Motion to alter or amend a judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment.

7. Super.Ct.Civ.R. 60(b) provides, in pertinent part:

(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) (2), and (3) not more than 1 year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

the rule under which the motion was considered. Appellants contended their motion was filed under Rule 60(b)(1); appellee contended it was a Rule 59(e) motion. The nature of a motion is determined by the relief sought, not by its label or caption. *Coleman v. Lee Washington Hauling Co., supra* note 5, 388 A.2d 44, 46 (D.C.1978); *Graves v. Nationwide Mutual Ins. Co.,* 151 A.2d 258, 261 (D.C.1959); *Roumel v. Stradley,* 119 A.2d 111, 112 (D.C.1955).

In their motion appellants sought reconsideration of the grant of summary judgment on the basis that (1) they had erred in concluding that the motion for summary judgment had to be revived after the remand order, and (2) their response to the motion for summary judgment demonstrated there were genuine issues in dispute. The proposed order sought vacation of the order granting summary judgment and denial of the motion for summary judgment. The memorandum of points and authorities restated the procedural facts and the argument that the federal remand order rendered moot appellee's motion for summary judgment insofar as it was based on issues involving the collective bargaining agreement between the parties. The memorandum also responded to appellee's claim that appellants had failed to exhaust their internal remedies.[8] At the hearing appellants claimed their motion was filed under Rule 60(b)(1) because they were seeking reconsideration on the basis of a mistake of fact. As appellants described the mistake of fact to Judge Doyle, it arose from (1) confusion about what was left to respond to in appellee's motion for summary judgment after appellee filed, on October 20, 1982, a motion to strike portions of the complaint, under Super.Ct.Civ.R. 12–I(e) (which appellants opposed), and (2) because the remand order had disposed of some of the issues raised in appellee's motion for summary judgment.

■■ We conclude that the relief sought by appellants, if timely, was properly made pursuant to Rule 59(e).[9] This court has described the difference between Rule 59(e) and Rule 60(b) motions in terms of whether, for the first time, the movant is requesting consideration of additional circumstances; if so, the motion is properly considered under Rule 60(b), but if the movant is seeking relief from the adverse consequences of the original order on the basis of error of law, the motion is properly considered under Rule 59(e). *Coleman v. Lee Washington Hauling Co., supra* note 5, 388 A.2d at 46 & n. 5 (citing 9 Moore's Federal Practice, ¶ 204.12[1] at 953); *Cohen v. Holmes,* 106 A.2d 147, 148 (D.C. 1954) (Rule 59(e) motion does not permit alteration of the judgment or order because of an improper factual basis). The focus of appellants' argument for reconsideration was on the effects of the federal remand order and the motion to strike. The basis of the motion for reconsideration, therefore, was a mistake of law by appellants' counsel. While an error of this kind will rarely warrant relief,[10] courts which have

---

**8.** Appellants asserted this issue was not addressed by the federal remand order, and cited authorities for an exception where a good faith attempt had been made to comply and further efforts would be futile; they also attached affidavits of union members about attempts to meet with union officials.

**9.** *See Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir.1982) (motion to reconsider grant of summary judgment properly treated as motion to alter and amend judgment pursuant to Rule 59(e)); *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (motion for stay and evidentiary hearing in habeas corpus proceeding, in essence motion for rehearing or reconsideration pursuant to Fed.Rules Civ.Proc. 52(b) or 59); *Foman v. Davis,* 371 U.S. 178, 180–81, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962) (permissible for Court of Appeals to treat motion to vacate judgment and amend complaint as motion under Rule 59(e)). *See generally United States v. Dieter,* 429 U.S. 6, 8–9, 97 S.Ct. 18, 19, 50 L.Ed.2d 8 (1976) (motion for rehearing tolled time for filing appeal).

**10.** *Graves v. Nationwide Mutual Insurance Co., supra,* 151 A.2d at 261 (relief under Rule 60(b)(1) unavailable where counsel "surprised" when opponent relied on a rule of court, as counsel is charged with knowledge of trial court rules); *cf. Household Finance Corp. v. Frye,* 445 A.2d 991, 993 (D.C.1982) ("[i]t is not clear that

granted relief for errors of law by counsel have done so under both Rule 59(e) and Rule 60(b).[11] Because the two rules overlap, 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2817 (1973 & Supp.1983), it is not always clear whether a particular motion properly constitutes a Rule 59(e) or a Rule 60(b) motion. The approach of the federal courts, consistent with the policy of liberal construction of the rules, has generally been to consider a motion which is proper under either rule as made pursuant to Rule 59(e) if timely filed under that rule, *see, Coleman v. Lee Washington Hauling Co., supra,* 388 A.2d at 46–47 n. 5 (permitting the court to reach the merits of the underlying judgment),[12] and under Rule 60(b) if not timely filed under Rule 59(e) (permitting the court at least to consider the denial of the motion to reconsider).[13] Because we find, consistent with *Coleman* that the motion was properly to be considered under Rule 59(e) and it was, for reasons set forth below, timely filed under Rule 59(e), we treat it as a Rule 59(e) motion for purposes of this appeal.

### *Timeliness: Rules 59(e) and 6(e).*

■ Appellants' motion for reconsideration was filed fourteen days after the entry of the summary judgment. Rule 59(e) requires the motion to be filed "10 days after entry of judgment."[14] However, Rule 6(e) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or some

ignorance of the law would be a ground for granting relief under any part of Rule 60(b)"); 7 MOORE'S FEDERAL PRACTICE, *supra,* ¶ 60.22[2]. *See Clarke v. Burkle,* 570 F.2d 824, 831 (8th Cir. 1978) ("relief from a judgment is not to be granted under Rule 60(b) simply because its entry may have resulted from incompetence or ignorance on the part of an attorney employed by the party seeking relief"); *Benton v. Vinson, Elkins, Weeks & Searls,* 255 F.2d 299, 301 (2d Cir.), *cert. denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958) (ignorance of statute of limitations not the kind of " 'mistake, inadvertence, surprise or excusable neglect' contemplated by Rule 60"); *Nugent v. Yellow Cab Co.,* 295 F.2d 794, 796 (7th Cir.1961) ("ignorance of the rules resulting in an unauthorized extension of time for filing post-trial motions does not furnish grounds for relief under Rule 60(b)"). *But see Griffin v. Kennedy,* 120 U.S.App.D.C. 104, 344 F.2d 198 (1965) (granting Rule 60(b)(1) motion based on error of law by counsel); *Dove v. Codesco,* 569 F.2d 807 (4th Cir.1978) (granting Rule 59(e) relief to plaintiff whose counsel was unaware of court rule).

*See also Federal's Inc. v. Edmonton Inv. Co.,* 555 F.2d 577, 583 (6th Cir.1977) ("Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise"); *United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.), *cert. denied,* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971) ("when a conscious decision has been made by counsel, ignorance of the law 'is not the sort of "excusable neglect" contemplated by Federal Civil Rule 60(b), 28 U.S.C. as grounds for vacating an adverse judgment' ") (quoting *Ohliger v. United States,* 308 F.2d 667 (2d Cir.1962) (per curiam)); *Dal Int'l Trading Co. v. Sword Line,*

*Inc.,* 286 F.2d 523, 525 (2d Cir.1961) ("generally a party who makes an informed choice will not be relieved of the consequences when it subsequently develops that the choice was unfortunate").

11. *Griffin, supra* note 10, 120 U.S.App.D.C. 104, 344 F.2d 198; *Dove, supra* note 10, 569 F.2d 807.

12. *See Lyell Theatre Corp. v. Loew's Corp.,* 682 F.2d 37 (2d Cir.1982); *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Dove, supra* note 10, 569 F.2d 807; *Foman v. Davis,* 292 F.2d 85 (1st Cir.1961), *reversed on other grounds,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

13. 6 MOORE'S FEDERAL PRACTICE, *supra,* ¶ 59.04[7]: *see Butler v. Pearson,* 204 U.S.App.D.C. 254, 636 F.2d 526 (1980); *Conerly v. Flower,* 410 F.2d 941 (8th Cir.1969). Some courts have declined to afford relief under Rule 60(b) where an untimely Rule 59(e) motion is based on an error of law by the trial court. *See, e.g., Scold v. Boat Frances R., Inc.,* 618 F.2d 147 (1st Cir.1980); *Hahn v. Becker,* 551 F.2d 741 (7th Cir.1977); *Morgan Guaranty Trust Co. v. Third National Bank of Hampden County,* 545 F.2d 758 (1st Cir.1976); *Silk v. Sandoval,* 435 F.2d 1266 (1st Cir.1971). However, this is not the majority approach. *See generally* MOORE'S FEDERAL PRACTICE, *supra,* ¶ 60.22[3] and cases cited therein.

14. Judgment is entered when set forth on a separate document and notation is entered on the docket. Super.Ct.Civ.R. 58 (Entry of Judgment). An order granting summary judgment on all issues as to all parties is a final appealable order within the meaning of Rule 77(d). *See* 6 MOORE'S FEDERAL PRACTICE, *supra,* ¶ 56.27[1].

other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." [15]

In *United Retail Cleaners & Tailors Ass'n of D.C. v. Denahan,* 44 A.2d 69, 70 (D.C.1945), this court held that

a reading of the rules as a whole requires that when finding is made out of the presence of counsel or parties, notice of such action shall be given by mail, and that in such a situation the time for filing a motion for new trial is by Rule 6(e) enlarged by one day. [Rule 6(e) provided for an extension of one day at that time].

*See also Graves v. Nationwide Mutual Ins. Co., supra,* 151 A.2d at 261 (applying Rule 6(e) to add an additional day when findings entered out of presence of parties, relying on *United Retail Cleaners & Tailors Ass'n, supra* ). The motion in *United Retail Cleaners & Tailors Ass'n, supra,* was for rehearing or new trial filed under Rule 52(a), now Rule 59(b). The court explained its rationale for applying Rule 6(e) when a judgment is rendered out of the presence of the parties as follows:

It seems evident to us that the rules of the trial court intend that a party shall have four days [now 10 days] after verdict or finding in which to decide whether

to file a motion for new trial and to prepare such motion if decision reached is in the affirmative. If appellant's position is correct [that Rule 6(e) does not apply to a motion for a new trial], then in this case and similar cases the period for filing the motion for new trial would be reduced to three days; and we do not think that the rules intended that where the finding is made in open court the parties shall have four days, and where decision is reserved and notice is sent by mail the parties shall have only three days for filing their motion. There is no basis in reason for such discrimination. It would not be reasonable to require that when a case is taken under advisement the parties must on every day thereafter check the records of court to find if action has been taken, in order that they may have the full four days contemplated by the rules.

44 A.2d at 70.

Although the literal language of Rule 6(e) causes us to pause, since it refers to "service" rather than "entry," we agree with *United Retail's* reasoning. Moreover, we find that reasoning more persuasive than the authority to the contrary.[16] We are, of course, bound by the

---

**15.** Further, Super.Ct.Civ.R. 77(d) provides that when judgment is rendered outside the presence of the parties or counsel, the clerk shall serve notice of the entry by mail. Super.Ct.Civ.R. 77(d) provides:

*Notice of Orders or Judgments.* Immediately upon the entry of an order or judgment signed or decided out of the presence of the parties or their counsel, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the rules for the District of Columbia Court of Appeals.

**16.** We have examined the contrary authorities holding that Rule 6(e) does not apply to judgments and therefore does not extend the time for filing a Rule 59 motion, but find them less persuasive than local precedent. *See Flint v. Howard,* 464 F.2d 1084, 1087 (1st Cir.1972) (time limit for filing motion for reconsideration of habeas corpus petition not extended by federal Rule 6(e)), *cited with approval in Butler v. Pearson,* 204 U.S.App.D.C. 254, 256 n. 2, 636 F.2d 526, 528 n. 2 (1980); *Sonnenblick-Goldman Corp. v. Nowalk,* 420 F.2d 858, 860 (3d Cir.1970) (time limit for filing motion for reconsideration of summary judgment not extended by federal Rule 6(e)). The analysis in *Sonnenblick-Goldman Corp. v. Nowalk, supra,* 420 F.2d at 860, is unpersuasive, in our view, because the two opinions on which the court relies do not address whether Rule 6(e) extends the time for filing a motion for reconsideration. One opinion, *Steward v. Atlantic Refining Co.,* 235 F.2d 570 (3d Cir.1956), holds that the mere filing with the court, without service upon the opposing parties, of a motion for a new trial and to set aside

prior decisions of this court except to the extent they may be superseded by the enactment of D.C.Code § 11–946 (1981),[17] or an en banc decision of this court, or an amendment to the rule construed; we have found no decision on point by the United States Court of Appeals for the District of Columbia Circuit decided prior to *M.A.P. v. Ryan*, 285 A.2d 310 (D.C.1971). Insofar as we find support for local precedent in the Advisory Committee Note on Rule 6 of the Federal Rules of Civil Procedure and continue to find the reasoning of contrary authority unpersuasive, we construe the rules of the Superior Court in light of the meaning of the corresponding federal rules, insofar as such interpretation is not contrary to binding precedent. *See Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 472 (D.C. 1983) ("[W]e may look to federal court decisions interpreting the [identical] federal

rule as 'persuasive authority in interpreting [the local rule].'" (citations omitted); *Campbell v. United States*, 295 A.2d 498, 501 (D.C.1972).

■ Accordingly, we hold that when a judgment is rendered outside the presence of the parties or counsel and, therefore, notice is mailed pursuant to Rule 77(d), three additional days are added to the period of time prescribed in Rule 59(e), pursuant to Rule 6(e). By so holding, the finality of judgments will not be adversely affected since the time period will remain precisely ascertainable. If the judgment is rendered in the presence of the parties, it will become final following the 10th day after entry of judgment that is not a Saturday, Sunday or legal holiday. See Super. Ct.Civ.R. 6(a).[18] When notice of the judg-

the verdict is insufficient to comply with Rule 59 which requires the motion to be *served* within 10 days; therefore the motion was a nullity which did not toll the time for an appeal. The other opinion, *Raughley v. Pennsylvania Railroad Co.*, 230 F.2d 387 (3d Cir.1956), holds that since a written motion was not filed in compliance with Rule 7(b)(1) (requiring a written motion setting forth with particularity the grounds) within ten days (the court held the motion was made 22 days after the judgment was entered), the time for filing a notice of appeal was not tolled and the appeal was untimely. Thus, since neither opinion deals with the application of Rule 6(e), the Third Circuit's reliance on them as dispositive in *Sonnenblick-Goldman, supra,* was misplaced.

The First Circuit Court of Appeals held in *Flint v. Howard, supra,* 464 F.2d at 1087, that the time for filing a motion for reconsideration begins to run from "entry of judgment" and not from "receipt of notice," citing only the relevant rules. *Goldstein v. Barron*, 382 Mass. 181, 184, 414 N.E.2d 998, 1000 (1980) (Rule 6(e) not routinely invoked through Rule 77(d) since text indicates it is reserved to "cases where a rule or statute providing some measuring period itself refers to service of a paper as a starting point"). Although this literal interpretation of the rules is plausible, we conclude, in construing the rules as a whole, that the interpretation does not seem to be consistent with the intent of the rules since it would have the unfair effect of shortening the time within which a party who had a judgment rendered against him outside his or his attorney's presence could act to seven days without any benefit to the promotion of

finality of judgments. *See United Retail Cleaners & Tailors Ass'n v. Denahan, supra.*

**17.** D.C.Code § 11–946 (1981), provides:

The Superior Court shall conduct its business according to the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure (except as otherwise provided in title 23) unless it prescribes or adopts rules which modify those Rules. Rules which modify the Federal Rules shall be submitted for the approval of the District of Columbia Court of Appeals, and they shall not take effect until approved by that court. The Superior Court may adopt and enforce other rules as it may deem necessary without the approval of the District of Columbia Court of Appeals if such rules do not modify the Federal Rules. The Superior Court may appoint a committee of lawyers to advise it in the performance of its duties under this section.

**18.** Super.Ct.Civ.R. 6(a) provides:

*Computation.* In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c),

ment is mailed, the judgment becomes final after the three days are added in accordance with the *federal court* method of counting discussed below.

Nor will this holding "enlarge" the period of time prescribed by Rule 59(e) as prohibited by Rule 6(b).[19] The trial court still has no discretion to change the period of time. Although Rule 6(e) prohibits the trial court, in its discretion, from extending the period of time prescribed in Rule 59(e), our reading of the rules indicates that Rule 6(e) itself extends the period of time. Moreover, the Advisory Committee Note to federal Rule 6(b), which is identical to Super.Ct.Civ.R. 6(b), supports our conclusion that the exclusion of Rule 59(e) from the general time provisions of Rule 6(b) was designed to limit the discretion of the trial court in order to promote the finality of judgments.[20] Furthermore, our holding does not change Rule 59(e) by starting the relevant time from actual receipt of notice, but applies three additional days to the period already provided. We therefore hold that Rule 6(e) applies to Rule 59(e)

motions, and appellants had an additional three days within which to file their motion.

### Method of Counting: Rule 6(a).

The question remains how to compute the total time period under Rule 59(e) and Rule 6(e). The rules of the Superior Court do not specifically address this issue and this court has not previously decided which method is to be used. There are basically two methods of computing time. 4 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1171 (1969). One, which we refer to as the *federal court* method, treats the time as two separate periods, here ten days (Rule 59(e)) and three days (Rule 6(e)).[21] *See Kessler Institute for Rehabilitation v. NLRB*, 669 F.2d 138, 141 (3d Cir.1982) (interpreting rules of National Labor Relations Board, which are almost identical to Rules 6(a) and (e) of the Federal Rules of Civil Procedure, and acknowledging the application of the court's holding to the interpretation of the federal rules); *Peabody Coal Co. v. NLRB*, 709 F.2d 567, 569–70

"legal holidays" includes New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the District of Columbia.

19. Super.Ct.Civ.R. 6(b) provides:

*Enlargement.* When by these Rules or by a notice given thereunder or by order of Court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

20. The Advisory Committee Note states in pertinent part:

The question to be met under Rule 6(b) is: how far should the desire to allow correction of judgments be allowed to postpone their

finality? The rules contain a number of provisions permitting the vacation or modifications of judgments on various grounds. Each of these rules contains express time limits on the motions for granting relief. Rule 6(b) is a rule of general application giving wide discretion to the [trial] court to enlarge these time limits or revive them after they have expired.... It should also be noted that Rule 6(b) itself contains no limitation of time within which the court may exercise its discretion, and since the expiration of the term does not end its power, there is now no time limit on the exercise of its discretion under Rule 6(b).

. . . .

The amendment of Rule 6(b) now proposed [adding Rules 50(b), and (c)(2), 52(b), 59(e) and 60(b) to the rules whose time periods may not be enlarged by the trial court] is based on the view that there should be a definite point where it can be said that a judgment is final....

Fed.R.Civ.Proc. 6, Advisory Committee Note.

21. If the last day of the ten-day period falls on a Saturday, Sunday or legal holiday, the time would be extended to the next day which is not such a day (Rule 6(a)), and then the three days for mailing would be added starting with the following day.

(9th Cir.1983) (following *Kessler Institute*).[22] The rationale for this method is that the rules should "in the interests of fairness" be construed liberally in order to provide the litigant who may take action following service by mail the same number of working days as the litigant who is present in court when an action is taken or who receives service in person. "[L]iberality in favor of the responding party is evident in the text of the rule and is also appropriate in its construction." *Kessler Institute v. NLRB, supra,* 669 F.2d at 141 (the court also took judicial notice of the "slow pace of the postal service").[23]

The other method of computing time, which we refer to as the *state court* method, initially consolidates the two periods and counts as if there were one period of thirteen days.[24] *See In re Iofredo's Estate,* 241 Minn. 335, 63 N.W.2d 19 (1954) (rejecting "novel" method on the facts of the case and adding three days (for mailing) to original period of thirty days to note appeal, for a total period of 33 days); *Wheat State Tel. Co. v. State Corp. Comm'n,* 195 Kan. 268, 403 P.2d 1019 (1965) (three days added to original period and total taken as period for

purpose of computation).[25] Commentators suggest this is the better view in order to avoid undesirable lengthening of the permitted time, particularly where permitted time is short. 4 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, *supra,* § 1171; 1 BARRON & HOLTZOFF, FEDERAL PRACTICE & PROCEDURE, § 219 (1982).

Either method would provide desirable certainty for the Superior Court rules. The *state court* method might be preferable since it reduces the number of variables in the determination of when the filing period ends and avoids greater lengthening of short periods of time permitted by the rules. It also seems to be in accordance with the phrase in Rule 6(a) referring to "the last day of the period," which does not suggest to us that litigants are necessarily entitled to two bites of the Saturday-Sunday-holiday apple. Nevertheless, the reasons cited by the federal courts in interpreting the liberal intent of the rules have merit and are in accordance with the concern expressed by this court in *United Retail, supra,* 44 A.2d at 70, about assuring equality in the number of actual working days. Accordingly, in the absence of

**22.** In *Peabody Coal Co. v. NLRB, supra,* 709 F.2d at 569, the Ninth Circuit commented that if it were writing on a clean slate it might be inclined to follow the other (*state court*) method of counting. It found the Third Circuit's reasoning in *Kessler Institute v. NLRB, supra,* that the prescribed period of time should be calculated by excluding non-working days without reference to the manner of service, permissible and thought it inadvisable to create an inconsistency between the Circuits. It also noted that authorities for the *state court* method did not undertake a detailed analysis of the statutory language in question.

**23.** Rule 1 of the Federal and Superior Court rules provides, in part, "[These rules] shall be construed to secure the just, speedy and inexpensive determination of every action." That Rule has been consistently interpreted to require liberality in the construction of the rules of procedure. *See* 4 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, *supra,* § 1029 (rules to be construed liberally to further the cause of justice); 2 MOORE'S FEDERAL PRACTICE, *supra,* ¶ 1.13[1] ("Howsoever worded, liberality is the canon of construction"). In *Foman v. Davis, supra* note 9, 371 U.S. at 181–82, 83 S.Ct. at 229–30, the

Supreme Court made clear that the Rules were not designed to be an adversarial game:

It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome....'

(Citation omitted). *See Schlagenhauf v. Holder,* 379 U.S. 104, 121, 85 S.Ct. 234, 244, 13 L.Ed.2d 152 (1964) ("The Federal Rules of Civil Procedure should be liberally construed ...").

**24.** If the thirteenth day falls on a Saturday, Sunday or legal holiday, the time is extended to the next day which is not such a day. Thus, in this case, the thirteenth day after the judgment was entered would have been March 16, and appellants' motion would have been untimely.

**25.** Some of the authority relied on in *Wheat State Tel. Co. v. State Corp. Comm'n, supra,* 195 Kan. at 272, 403 P.2d at 1023, has been overruled by *Peabody Coal Co. v. NLRB, supra,* 709 F.2d at 569–70.

binding precedent, we hold that the *federal court* method of counting shall be used in determining the timeliness of appellants' Rule 59(e) motion.

Using this method, appellants' motion for reconsideration was timely: summary judgment was entered on March 3 and the tenth day, March 13, was a Sunday; therefore appellants would normally have had until March 14, but by adding three days for service by mail, appellants had until Thursday, March 17 to file their motion. Thus, we have jurisdiction to review both the denial of the motion for reconsideration and the underlying judgment. *Coleman v. Lee Washington Hauling Co., supra,* 388 A.2d at 47. Appellants' notice of appeal, which was filed within 30 days of the denial of their motion for reconsideration, was also timely.[26] D.C.App.R. 4 II(a)(2) (full time for noting appeal following denial of such a motion begins with entry of order with respect to the motion).

### III.

The decision whether to grant or deny a motion to alter or amend judgment under Rule 59(e) lies within the broad discretion of the trial court. *Huff v. Metropolitan Life Ins. Co., supra* note 9, 675 F.2d at 122; *see Queen v. D.C. Transit Sys.,* 364 A.2d 145, 148 (D.C.1976) (ruling on motion for new trial pursuant to Rule 59 within broad discretion of trial court). We find no abuse of discretion. Appellants

were directed by court order to file an opposition to the motion for summary judgment and failed to do so. Indeed, they failed to do so, despite having sufficient time, even after appellee cited appropriate authorities regarding the effect of a federal remand order; the motion for summary judgment was not granted until three weeks after appellee replied to appellants' response to Judge Goodrich's order. Appellants' argument at the hearing before Judge Doyle does not persuade us that he erred.

Summary judgment is properly granted when the pleadings and other materials on file demonstrate that no genuine issue of material fact remains for the trial and the movant is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c);[27] *McCoy v. Quadrangle Development Corp.,* 470 A.2d 1256, 1258 (D.C.1983). An adverse party may not rest on the allegations or denials of his pleadings when the movant has submitted affidavits or other documents in support of the motion, but must set forth specific facts showing that there is a genuine issue for the trial; if he does not respond, summary judgment, if appropriate, shall be entered against him. Super.Ct. Civ.R. 56(e). In the absence of any such response (and in view of appellants' failure to comply with Judge Goodrich's order), appellee was entitled to summary judgment as a matter of law.[28] We find no error in the granting of the motion for summary

---

26. We may review both the ruling on the motion for summary judgment and the denial of the motion for reconsideration despite the fact that appellants' notice of appeal challenged only the denial of the motion for reconsideration. *See Coleman v. Lee Washington Hauling Co., supra* note 5, 388 A.2d at 45 n. 1 (designation on Notice of Appeal not dispositive of our jurisdiction).

27. Super.Ct.Civ.R. 56(c) provides:
   *Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve *opposing* affidavits. The judgment sought shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

28. We do not decide whether appellants were required to exhaust their internal administrative remedies or whether such an attempt would have been futile. Rather, we conclude that even if appellants were properly before the court, appellee was entitled to summary judgment.

judgment as there were no genuine issues of fact for trial.[29]

Accordingly, we affirm the judgment below.

**29.** Even if we were to conclude that the trial court had abused its discretion in denying the motion for reconsideration and in refusing to consider appellants' opposition to the motion for summary judgment (which we do not), we would uphold the grant of summary judgment; appellants' response to the motion for summary judgment would not alter the ruling on the merits.

The union raised essentially two issues in its motion: (1) appellants had failed to exhaust their internal remedies before filing suit, and (2) selection of the shop steward was made in accordance with the bylaws, by the president and the secretary-treasurer, and not by the president alone as appellants alleged. Appellants asserted in opposition the futility of their attempting to exhaust their internal remedies because of the union officials' bias against them, and on the merits, reasserted that the letter announcing the name of the chosen shop steward was signed only by the president and indicated that it was his decision alone. The union did not dispute what the letter stated, but claimed, with supporting affidavits attached, that the decision was made by both the president and the secretary-treasurer, as required by the bylaws. Unless appellants raised some contention that challenged that fact, which they did not, the union was entitled to judgment because there was no disputed issue for trial.