Richard Murray, Washington, D.C., was on brief for appellant.

No brief was filed on behalf of appellee.

**TEMP–PLACEMENTS, INC., Appellant,**

v.

**Joy B. PRICE, Appellee.**

**No. 84–488.**

District of Columbia Court of Appeals.

Submitted May 7, 1985.

Decided Aug. 5, 1985.

Before NEBEKER, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

This is an appeal from an order dismissing an action on a promissory note and from the denial of a motion to reconsider that dismissal. Appellant makes several arguments on appeal. We find one of them meritorious and reverse on that ground without reaching the other issues raised.

In its complaint, filed in August 1982, appellant Temp-Placements, Inc., alleged that appellee Price had executed a note on January 21, 1982, in which she promised to pay $7,546.82, with the interest payable monthly, and that she "owes to Plaintiff the amount of said note and interest." Price responded with a motion under Super.Ct.Civ.R. 12(b)(6) to dismiss the complaint, without prejudice, for failure to state a claim upon which relief could be granted. She contended that the complaint merely said that she had executed a note but failed to allege any breach on her part. Temp-Placements opposed the motion to dismiss, contending that the complaint was sufficient because it was virtually identical to Form 3, one of several suggested forms appended to the Superior Court's Civil Rules.

At the hearing on Price's motion, counsel for Temp-Placements conceded that the note provided only for monthly payments and that it did not have an acceleration clause. However, counsel pointed out that only one payment had been made, and asserted "that from the conduct of the parties and from the interpretations between the parties, comments—discussions between the parties, that the entire amount becomes due. And that is our claim." After hearing argument, the court denied the motion to dismiss but directed Temp-Placements to file an amended complaint within ten days, stating "with particularity" the terms of the note and the basis of its claim that Price was in default "and/or that the full amount of the [note] is now due and payable."

Instead of filing an amended complaint, however, Temp-Placements filed a new complaint in the Small Claims Branch seeking $735.75, the sum of the missed payments.[1] Price moved to dismiss the new complaint, but a judge in the Small Claims Branch stayed the proceedings "pending [the] outcome of [the] related case currently in progress," i.e., the original action on the note. Temp-Placements then filed a motion for voluntary dismissal of the first case under Super.Ct.Civ.R. 41(a)(2). The next day Price renewed her motion to dismiss that case under Rule 12(b)(6) for failure to state a claim; this time, however, she sought a dismissal with prejudice.[2] She also filed an opposition to Temp-Placements' motion for voluntary dismissal, asserting that the case should be dismissed not only for failure to state a claim but also for want of prosecution.

On February 7, 1984, the court granted Price's motion to dismiss, with prejudice, and denied Temp-Placements' motion for voluntary dismissal. Temp-Placements filed a motion for reconsideration on February 17. It contended that it had acted pursuant to an "understanding of counsel" (but see note 1, supra), and that the court had erred both in granting the Rule 12(b)(6) motion to dismiss and in denying the Rule 41(a)(2) motion for voluntary dismissal. Counsel for Temp-Placements requested an oral hearing on the motion. The trial court, however, after receiving Price's opposition, denied the motion without a hearing and without any statement of its reasons. Temp-Placements then filed a timely notice of appeal.

■ Temp-Placements' motion for reconsideration alleged errors of law on the part of the court and was filed within ten days after the court's order dismissing the case. Therefore, it must be treated as a motion to alter or amend the judgment under Super.Ct.Civ.R. 59(e), which tolls the time for noting an appeal and permits us to review the underlying order as well as the order denying the motion for reconsideration. Capozio v. American Arbitration Ass'n, 490 A.2d 611, 614 n. 5 (D.C.1985); Wallace v. Warehouse Employees Union, 482 A.2d 801, 804–805 (D.C.1984); Coleman v. Lee Washington Hauling Co., 388 A.2d 44, 47 (D.C.1978). Our examination of the record convinces us that the trial court erred in denying Temp-Placements' motion for voluntary dismissal.

■ Temp-Placements styled its motion as one under Rule 41(a)(2), which gives the

1. Temp-Placements stated in a subsequent motion that it had filed the new action pursuant to an "understanding of counsel." Counsel for Price denied this, however, and accused Temp-Placements of "judge-shopping."

2. Price stated in her renewed motion that the trial court, in denying the motion to dismiss, had "held that [the] complaint would be dismissed unless [Temp-Placements] submitted within ten days an amended complaint properly setting forth any claims it might have and attaching the alleged note." What the court actu-

ally said, however, was that Temp-Placements "shall have ten (10) days in which to file an amended complaint attaching the note and/or setting forth with particularity the basis of [its] claim, failing which defendant may renew her motion to dismiss by application in open court after reasonable notice to counsel for plaintiff." [Emphasis added.] The motion that Price was given leave to renew was to dismiss the complaint without prejudice. The court specifically did not say that the complaint "would be dismissed," as Price asserted.

court the power to dismiss a case at the plaintiff's request "upon such terms and conditions as the court deems proper." Because Price had not yet filed either an answer or a motion for summary judgment, however, Temp-Placements was entitled to a voluntary dismissal as a matter of right merely by filing a notice of dismissal under Rule 41(a)(1)(i). Under Rule 41(a)(1)(i), a plaintiff retains the right to a voluntary dismissal even after the defendant has moved to dismiss the case under Rule 12(b)(6). *Bernay v. Sales,* 435 A.2d 398 (D.C.1981). The court should therefore have construed Temp-Placements' motion as such a notice.[3] Its failure to do so was reversible error.

The order of the Superior Court dismissing the complaint with prejudice is accordingly reversed. This case is remanded with directions to treat Temp-Placements' motion for voluntary dismissal as a notice of dismissal under Super.Ct.Civ.R. 41(a)(1)(i), and to dismiss the original action in the Civil Division pursuant to that rule so that the new proceeding in the Small Claims Branch may go forward.

*Reversed and remanded.*

---

**3.** "The nature of a motion is determined by the relief sought, not by its label or caption." *Wal-* *lace v. Warehouse Employees Union, supra,* 482 A.2d at 804 (citations omitted).