(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship between the parties is centered.

RESTATEMENT (SECOND) OF CONFLICTS § 145 (1971). In sum, the trial court should look at the determinative factors for choice-of-law questions in the District of Columbia: "which jurisdiction has the *most substantial interest* in having its law applied." *Estrada, supra,* 488 A.2d at 1365.[1]

*Reversed and remanded.*

DISTRICT OF COLUMBIA, Appellant,

v.

Betty B. ORTIZ, Appellee.

No. 89–122.

District of Columbia Court of Appeals.

Argued March 23, 1990.
Decided May 10, 1990.

Charlotte M. Brookins, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Vincent Nappo, Washington, D.C., for appellee.

Before NEWMAN, FERREN, and FARRELL, Associate Judges.

FERREN, Associate Judge:

This case presents the question whether Super.Ct.Civ.R. 6(e) extends the time within

---

which a party to mandatory arbitration, who receives notice of the arbitration award by mail, must file a praecipe in court demanding a trial *de novo*. Based on *Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801 (D.C.1984), we conclude that Rule 6(e) does apply and that the District of Columbia was entitled to three more days for demanding a trial. We therefore reverse the trial court's order denying the District's demand as untimely filed and remand for trial.

## I.

The District of Columbia and Betty B. Ortiz went to mandatory arbitration in an effort to settle Ortiz's negligence action against the District.[1] On September 27, 1988, the arbitrator filed her award with the court and mailed a copy to all parties. The notice of the award, on which the filing date was typed, included the following instruction: "Within 15 days of the filing of this Arbitration Award, any party may demand a trial *de novo* in the Superior Court by filing a Trial Praecipe with the Clerk and serving it on all parties." On October 13, 1988—the sixteenth day after the award was filed—the arbitration clerk entered judgment for Ortiz. The next day, the District filed a praecipe demanding a trial *de novo*. Twelve days later the District filed a motion to vacate the judgment.

On January 9, 1989, the trial court denied both the District's motion to vacate and its request for trial. The District appeals, contending that, under Rule 6(e) and *Wallace*, it had three days beyond the fifteen days for demanding a trial *de novo*.

## II.

The Superior Court rules governing the Mandatory Arbitration Program give a party fifteen days from the day the arbitrator files the arbitration award in court to demand a trial *de novo*. *See* Mandatory Arbitration Rule XIII.[2] Rule 6(e) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him [or her] and the notice or paper is served upon him [or her] by mail, 3 days shall be added to the prescribed period.[3]

In *Wallace*, this court reviewed the applicability of Rule 6(e) in connection with a motion under Super.Ct.Civ.R. 59(e) to alter or amend a judgment. According to Rule 59(e), the motion must be filed within ten days after the entry of judgment. Appellants, however, filed their motion for reconsideration on the fourteenth day after the trial court entered judgment and mailed it to the parties. *Wallace*, 482 A.2d at 805.

---

1. The Superior Court of the District of Columbia has instituted a Mandatory Arbitration Program which applies
   > to all actions filed in the Civil Division of the Superior Court with the exception of (1) actions in the Small Claims and Consolidation Branch, (2) actions in the Landlord and Tenant Branch, (3) actions seeking essentially equitable or declaratory relief, (4) actions involving money damages valued at more than $50,000, (5) class actions, and (6) cases assigned to the Civil I calendar.

   Mandatory Arbitration Rule I. The Mandatory Arbitration Rules are printed in 115 Daily Wash. L.Rptr. 105–08 (January 16, 1987).

2. Rule XIII provides in relevant part:
   > Within 15 days after the filing of the Arbitration Award, any party may demand a trial *de novo* in the Superior Court by filing a Trial Praecipe with the clerk and serving it on all parties.

3. An arbitrator "shall file the Arbitration Award with the Court and serve it upon all parties within 15 days after the hearing." Mandatory Arbitration Rule X. Although not required to do so by the rules, arbitrators, as a matter of course, file the award with the court and mail a copy to the parties on the same day because the form on which the arbitrator files the award provides: "I hereby certify that a copy of this Award is being mailed to all parties and filed with the Court this _____ day of _____, 19__." As a practical matter, therefore, the potential problem of an arbitrator's mailing a copy of the award to the parties several days after filing the award with the court (thereby shortening the period between the notice of the award and the last day on which to request a trial *de novo*) is unlikely to arise. We note, however, that if this practice of simultaneously filing and mailing the award were not followed, application of Rule 6(e) would not necessarily alleviate the prejudice from requiring a party to respond to the award when the party may have had little, if any, notice.

We held that Rule 6(e) applied, giving appellants three extra days to file their motion.[4] *Id.* at 808. We relied on our prior decisions applying Rule 6(e) when findings were made "out of the presence of counsel or parties" and notice of the findings was "given by mail." *Id.* at 806 (quoting *United Retail Cleaners & Tailors Ass'n of D.C. v. Denahan*, 44 A.2d 69, 70 (D.C.1945)).

In *United Retail Cleaners*, we explained the rationale for applying Rule 6(e): "It seems evident to us that the rules of the trial court intend that a party shall have four days [now ten days] after verdict or finding in which to decide whether to file a motion for new trial and to prepare such motion if decision is reached in the affirmative." 44 A.2d at 70, *quoted in Wallace*, 482 A.2d at 806 (bracketed text in *Wallace*). We then reasoned that the amount of time parties have for making the decision to act and filing the motion should not be shortened simply because they must wait to receive notice of the court's judgment by mail. *Id.*

In *Wallace*, we recognized that we were not applying Rule 6(e) literally. 482 A.2d at 806. The rule by its own terms applies only when the event triggering a party's right to do something is "service or notice," whereas the triggering event of Rule 59(e)—the rule at issue in *Wallace*—was "entry of judgment." We also realized that we were departing from federal cases which do apply the rule literally. *Wallace*, 482 A.2d at 806 & n. 16. We held, nonetheless, that "when a judgment is rendered outside the presence of the parties or counsel and, therefore, notice is mailed pursuant to [Super.Ct.Civ.R.] 77(d), three additional days are added to the period of time

prescribed in Rule 59(e), pursuant to Rule 6(e)." *Id.* at 807.

In the present case, the event that triggers the fifteen-day period is the filing of the arbitration award in court. *See* Mandatory Arbitration Rule XIII, *supra* note 2. We perceive no meaningful distinction for Rule 6(e) purposes between "filing the arbitration award" and "entry of judgment" when both events occur outside the presence of the parties and notice of each is mailed to the parties. The rationale in *Wallace* accordingly applies to this case.[5] We therefore conclude that, by virtue of Rule 6(e), the District's trial praecipe—filed with the court on the seventeenth day after filing of the arbitration award—was timely and that the arbitration clerk's order entering judgment in favor of Ortiz was premature. We reverse the orders of the trial court and remand for a trial *de novo*, pursuant to the District's demand.

*Reversed and Remanded.*

---

4. In *Wallace*, the tenth day after entry of judgment was a Sunday. Super.Ct.Civ.R. 6(a) therefore applied, and thus the parties would have had until Monday to file the motion if they had been present in court for entry of judgment. Because the parties were served by mail, however, Rule 6(e) gave them three more days until Thursday for filing their motion. *Wallace*, 482 A.2d at 810.

5. Mandatory Arbitration Rule XVI provides that, absent a conflict, the Superior Court Rules of Civil Procedure apply to proceedings under the Mandatory Arbitration Program. Ortiz contends that Rule 6(e) conflicts with the purpose and spirit of the Mandatory Arbitration Program, characterized by Ortiz as "provid[ing] litigants with an expeditious, fair and economical proceeding to resolve disputes between parties, with finality." We disagree with the premise that application of Rule 6(e) in this situation undermines the goals of the Mandatory Arbitration Program. As we said in *Wallace*, "the finality of judgments will not be adversely affected since the time period will remain precisely ascertainable." 482 A.2d at 807.