**James M. SINGER, Appellant,**

v.

**Carol Posnick SINGER, Appellee.**

**No. 90–779.**

District of Columbia Court of Appeals.

Submitted Sept. 4, 1990.

Decided Dec. 14, 1990.

James M. Singer, pro se.

Kirk Callan Smith, was on the brief, for appellee.

---

Before FERREN and FARRELL, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

The question in this case involves the computation of time for filing a notice of appeal when the order on review is entered outside the presence of the parties and counsel. We hold that the additional five-day time period for filing a notice of appeal from an order entered out of the presence of the parties and counsel should be considered separately from the thirty-day period for filing a notice of appeal. *See* D.C. App.R. 4(a)(1) and (3). Thus computed, appellant's notice of appeal was timely; appellee's motion to dismiss is accordingly denied.

A docket entry shows the parties were granted a divorce on May 14, 1990. Appellant, James Singer, was ordered to pay appellee, Carol Singer, $9,125 from the sale of the parties' marital home, $500 per month in alimony, and $2,500 in attorney's fees. On June 19, 1990, appellant filed a *pro se* notice of appeal from the trial court's judgment. Appellee then filed the instant motion to dismiss appeal as untimely.

This appeal was filed thirty-six days after the clerk of the Superior Court entered the judgment on the docket. Rule 4(a)(1) requires appeals to be filed "within thirty days after entry of the judgment." However, Rule 4(a)(3) provides that

> [w]hen a judgment or final order is entered or decided out of the presence of the parties and counsel, such judgment or order shall not be considered as having been entered, for the purpose of calculating the time for filing a notice of appeal ... until the fifth day after the Clerk of the Superior Court has made an entry on the docket ... reflecting the mailing of notice by that clerk.

In this case, the clerk entered its judgment out of the presence of the parties and counsel. Rule 4(a)(3) therefore applies, and the thirty-day period for filing a notice of appeal did not begin to run until five days after the trial court entered its judgment on the docket.

■ The question remains as to how to compute the total time allowed for filing a notice of appeal under D.C.App.R. 4(a)(1) and (a)(3). The five days can either be added to the thirty-day period, allowing thirty-five days to note an appeal, or each period can be computed separately. If each period is computed separately, D.C. App.R. 26(a) requires that intervening Saturdays, Sundays, and legal holidays be excluded in computing the five days. This can mean, for example, that the five-day period is actually extended into a seven-day period. In contrast, if the two periods of thirty and five days, respectively, are added together, all intervening Saturdays, Sundays, and legal holidays are counted, not excluded, because the exclusion applies only to time periods of fewer than seven days. D.C.App.R. 26(a). The rules of this court do not specifically address this issue, and this court has not previously decided what method is to be used in this context.

In *Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801 (D.C.1984), we considered the proper time permitted for filing a Super.Ct.Civ.R. 59(e) motion for reconsideration, in a case where the trial court's judgment was rendered out of the presence of the parties. Super.Ct.Civ.R. 6(e) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." *Id.* In that case, we held that the ten-day period for filing a Super.Ct.Civ.R. 59(e) motion for reconsideration and the three-day period provided by Super.Ct. Civ.R. 6(e) should be treated as separate time periods. *Wallace, supra*, 482 A.2d at 809–10. Treating the time periods separately resulted in the motion's being timely, because the last day of the first period, counted separately, was Sunday, so it was excluded from computation pursuant to Super.Ct.Civ.R. 6(a). If the two periods simply had been added together, the Sunday in

question would have been counted, rendering the motion one day late.

■ Following the reasoning of *Wallace*, we conclude the five days provided by D.C. App.R. 4(a)(3) and the thirty days prescribed by D.C.App.R. 4(a)(1) should be treated as two separate time periods.[1] As the trial court's order was entered outside the presence of the parties and counsel on May 14, 1990, it was not entered, for purposes of computing the time for filing a notice of appeal, until five days after that date. Excluding Saturdays and Sundays, as required by D.C.App.R. 26(a) when computing time periods of less than seven days, the trial court's judgment was entered on May 21, 1990, for the purpose of determining the timeliness of this appeal. Pursuant to D.C.App.R. 4(a)(1), appellant had thirty days from that date, or until June 20, 1990, to file his appeal. Since appellant noted his appeal on June 19, 1990, the appeal was timely, even though it was filed thirty-six days after the clerk of the Superior Court entered the judgment on the docket. Accordingly, appellee's motion to dismiss appeal is denied.

*So ordered.*

---

1. The plain language of Rule 4(a)(3) also supports treating the five-day period as a separate period. The rule does not provide that a party has thirty-five days to file a notice of appeal or that five additional days are added to the thirty days. Instead, Rule 4(a)(3) states that this court does not begin counting the thirty-day period for filing a notice of appeal until five days after the trial court enters the judgment on its docket.