Isabelle M. CAPOZIO, Appellant,

v.

AMERICAN ARBITRATION
ASSOCIATION, et al.,
Appellees.

No. 84–775.

District of Columbia Court of Appeals.
Argued Jan. 17, 1985.
Decided March 27, 1985.

David L. Anderson for appellant.

David W. Buckley, Washington, D.C., for appellee Hitt Decorating-Contracting Co., Inc.

Before MACK, FERREN and BELSON, Associate Judges.

MACK, Associate Judge:

Isabelle Capozio appeals an order of the Superior Court confirming an arbitrator's award of $2,226 to appellee Hitt Decorating-Contracting Co., Inc. (Hitt Co.). Finding no error, we affirm.

I.

On September 30, 1982, Isabelle Capozio and Hitt Co. entered into a contract for the repair of three skylights in Mrs. Capozio's home for the sum of $666. The contract contained the following disputes clause:

> All claims or disputes between the Owner and Contractor as a result of the above-dated contract shall be decided by arbitration in accordance with the rules of the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agree otherwise.

On February 3, 1983, a "change order" was entered, providing that for the additional sum of $1,560, and under the "same terms and conditions as specified in [the] original contract," Hitt would install new skylights, install new insulation and drywall, and paint the ceiling in Mrs. Capozio's dining room.

Following the completion of this work, the skylights apparently continued to leak, and Mrs. Capozio refused to pay the amount owed under the contract and change order. Hitt Co. initially filed an action to recover the amount claimed in the Arlington County General District Court; counsel for Capozio moved to dismiss that action based on the arbitration clause contained in the contract, and the action was thereupon dismissed for lack of subject matter jurisdiction.

On November 2, 1983, Hitt filed a demand for arbitration with the American Arbitration Association (AAA) under section 7 of the AAA's Construction Industry Arbitration Rules ("AAA Rules"). The AAA informed Capozio of the demand on November 8, 1983, and, pursuant to section 13 of the AAA Rules, enclosed a list of names of potential arbitrators and a calendar form.[1] The letter directed both parties to strike those names that were not acceptable, to list the others in order of prefer-

---

1. Section 13 of the Construction Industry Arbitration Rules provides, in pertinent part, as follows:

 If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner: Immediately after the filing of the Demand or Submission, the AAA shall submit simultaneously to each party to the dispute an identical list of names of persons chosen from the Panel. Each party to the dispute shall have seven days from the mailing date in which to cross off any names to which it objects, number the remaining names to indicate the order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable....

ence, and to strike those dates in which the parties would be unavailable for a hearing. Under section 13 of the Rules, the parties were required to return the form with their answers by November 18, 1983.

Rather than return the form, counsel for Capozio filed a request with the AAA on November 14 for a nine-week extension of time based upon his forthcoming heavy litigation schedule. On November 16, the AAA granted counsel a two-week extension, until December 2, 1983, for the filing of his list of acceptable arbitrators and calendar forms. Counsel for Capozio then filed a "Motion for Reconsideration of AAA's November 16, 1983 Letter" in which he repeated his request for an extension of the filing deadline, this time requesting a ten and one-half week extension (until January 30, 1984) within which to file the required forms. The Hitt Co. opposed this request. Accordingly, the AAA again asked counsel to file the forms by December 2, 1983, informing him that after that time, pursuant to section 13 of the AAA Rules, see supra note 1, "all names and dates will be deemed acceptable and a hearing will be set."

On December 2, counsel filed a "Motion to Vacate AAA's Improper Denial of Request for Extension of Time" for filing of the forms, setting forth five grounds for vacation of the AAA's denial of an additional extension.[2] On December 5, 1983, the AAA responded by letter to this motion, noting, inter alia, that counsel for Capozio had had the time to draft three motions requesting an extension of time to file the requested forms, and that "[i]t is not unreasonable to assume that this opportunity could have been utilized to strike names from a list and unavailable dates on the calendar forms." The AAA also notified counsel that under section 13 of the Rules, see supra note 1, his failure to file the forms was deemed an acceptance of all of the proposed names, and that accordingly, Jerry G. Craft was appointed arbitrator. Pursuant to section 21 of the AAA Rules,[3] arbitrator Craft set the hearing date for January 20, 1984. The parties were notified by the AAA of the hearing date on December 23, 1983.

On December 30, 1983, counsel for Capozio filed a "Motion to Vacate AAA's Notice of a Hearing and Renewed Request for Pre-Hearing Conference." In that motion, he renewed his contention that the arbitration process had been infected by the AAA's ex parte contacts with the Hitt Co., see supra note 2. Counsel represented that if neither an extension of time nor a scheduling conference was forthcoming from the AAA, Capozio would decline to participate further in the arbitration.[4]

2. Counsel contended, first, that the AAA's refusal had resulted from an "improper ex-parte conference" with Hitt, and that "[o]bviously, Mrs. Capozio's interests were prejudiced by this off-the-record communication which was not sanctioned by AAA's rules"; second, that counsel's heavy litigation schedule constituted good cause for an extension of time; third, that "the denial effectively amount[ed] to a denial of representation by counsel, in clear violation of AAA Rule 22 and well established principles of law"; fourth, that by erroneously mailing a copy of the denial to former counsel for Hitt, the AAA had violated its own rules and "Mrs. Capozio's right to privacy"; and fifth, that the AAA should have granted a pre-hearing scheduling conference under AAA Rule 10. Counsel concluded with the following paragraph:

In the event that this third request by Counsel for a fair schedule is denied, Counsel will have no recourse but to seek the aid of the courts in order to prevent AAA and the Hitt Company from denying due process to his client. Plainly, in the absence of a reasonable schedule, Mrs. Capozio will suffer irreparable injury from the operation of numerous, apparently inflexible, AAA Rules with respect to which his client was not provided adequate notice at the time of the execution of the underlying "contract" which was solely drafted by the Hitt Company.

3. That section provides as follows: "The arbitrator shall fix the time and place for each hearing. The AAA shall mail to each party notice thereof at least five days in advance, unless the parties by mutual agreement waive such notice or modify the terms thereof."

4. Specifically, counsel stated that Capozio would "decline [ ] to accept AAA or its agents as arbitrator of this matter, to participate in any hearing which is nevertheless improperly con-

In a three-line footnote on the last page of this seven-page motion, counsel noted that "in addition to the reasons set forth in Mrs. Capozio's previous filings, additional time will also be necessary because counsel is scheduled for surgery in early January 1984."

Hitt Co. filed a response to this motion, and the AAA forwarded both the motion and the response to the arbitrator on January 10, 1984, requesting that he contact the AAA in that regard. No further action was taken by either the AAA or the arbitrator on this motion.

The hearing was held as scheduled on January 20, 1984. Neither Capozio nor her counsel appeared. On January 26, the arbitrator awarded the full amount claimed, $2,226, to the Hitt Co., and directed that the AAA's fees (subsequently assessed at $200) be paid in their entirety by Capozio. On January 30, Capozio's counsel filed a Motion for New Hearing, which the Hitt Co. opposed. The motion was denied by the arbitrator on February 7, 1984.

> vened by AAA, or to be bound by any arbitrary unilateral 'arbitration' which AAA might render following further improper *ex parte* conversations with Hitt Co." And again in conclusion counsel wrote, "[a]bsent the immediate implementation of this remedial action, Mrs. Capozio will have no recourse but to decline to participate in this voluntary proceeding which has to date been conducted with complete indifference to her right to due process and to AAA's own rules."

**5.** A Rule 60(b) motion does not toll the time for appeal. The timeliness of the appeal to this court therefore would normally be measured from the March 28, 1984, order, and by this measure the appeal was filed out of time. This court has previously noted, however, that a motion captioned as one under Rule 60(b) that is filed within ten days of a judgment may be considered as filed under a rule that does toll the time for appeal, *Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 46–47 n. 5 (D.C.1978), if the motion asserts that the trial court's judgment was based upon an error of law, *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 804 (D.C.1984). "The nature of a motion is determined by the relief sought, not by its label or caption." *Id.* (citations omitted). Capozio's motion was filed within ten days of

New counsel for Mrs. Capozio, David L. Anderson, then filed an application in the Superior Court to vacate, or in the alternative to modify or correct, the arbitration award. The court, Judge Murphy presiding, denied this application on March 28, 1984, prior to the filing of a timely reply brief by counsel for Capozio. Counsel moved for relief from the March 28 order under Super.Ct.Civ.R. 60(b) and in addition requested oral argument. That motion was denied by Judge Murphy on May 1, 1984. This appeal followed.[5]

## II.

The facts in this case, as set forth above, are undisputed.[6] In ruling on an application to vacate an arbitration award, the trial court must apply the standards set forth in the District of Columbia Arbitration Act, D.C. Code §§ 16–4301 to 16–4319 (1981), to the facts of the case. This court, on appeal, must determine whether the trial court has applied those standards correctly on the facts before it. The Arbitra-

the judgment and alleged that the trial court had improperly applied the applicable legal standards to the case. Accordingly, despite the fact that appellant stated in her motion for reconsideration that she was proceeding under Rule 60(b), we construe the motion as one to alter or amend a judgment under Rule 59(e), which does toll the time for appeal. *See, e.g., Cosgrove v. Smith,* 225 U.S.App.D.C. 235, 237, 697 F.2d 1125, 1127 (1983) (construing motion filed under federal rule 60(b) as filed under 59(e)).

**6.** It is therefore unnecessary to address the contention of appellant that the trial court erred by refusing to conduct a hearing and to state on the record findings of fact and conclusions of law. The application of a party to an arbitration proceeding for vacation of an award is by motion, and normally a hearing on a motion is discretionary with the trial court. In addition, the Arbitration Act does not specifically provide for evidentiary hearings. Under the Act, in certain limited circumstances an award shall be vacated, and in other circumstances it may be modified or corrected, *see* D.C.Code § 16–4311(a) & (d) (1981); the case may be remanded to the arbitrators for a new hearing, *id.* § 16–4311(c); and in all other cases the award shall be confirmed, *id.* § 4311(d).

tion Act provides that the Superior Court *"shall"* vacate an award where:

> (1) The award was procured by corruption, fraud or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> \* \* \* \* \* \*
>
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 16–4315, as to prejudice substantially the rights of a party; ....

D.C.Code § 16–4311(a) (1981). Appellant argues that the statutory standards set forth above were violated by the AAA's refusals to grant extensions of time or a prehearing conference, by the *ex parte* nature of the arbitration hearing, by alleged *ex parte* communications between the Hitt Co. and the AAA, and by improper communications between the AAA and the arbitrator. Appellant further contends that even if the conduct of the AAA and the arbitrator do not justify vacation of the award, the evidence demonstrated that the amount owed by Capozio to Hitt Co. was $666, rather than $2,226, and that the trial court therefore erred in refusing to modify the award to "conform to the evidence."

We first address the question of whether the award must be vacated under the Arbitration Act because "[t]he arbitrators refused to postpone the hearing upon sufficient cause being shown therefor," D.C. Code § 16–4311(a)(4). Preliminarily, it must be noted that "[j]udicial review of arbitration awards is limited," *Sindler v. Batleman,* 416 A.2d 238, 242 (D.C.1980). The arbitrator is allowed a considerable amount of discretion "in order to attain a balance between the need for 'speedy, inexpensive' dispute resolution, on the one hand, and the need to establish 'justified confidence' in arbitration among the public,

on the other." *Brandon v. Hines,* 439 A.2d 496, 509 (D.C.1981) (citations omitted). The question for decision is whether appellant actually presented the arbitration authority with a motion for an extension of time for the hearing, and, if she did, whether she presented sufficient "good cause" under the statute for such an extension to require us to vacate the award on the grounds that the arbitrator abused his discretion in not granting the motion.

 The first request for an extension of time filed by Capozio was granted in part: counsel initially requested a nine-week extension of the normal one-week period of time within which he is required by the Arbitration Association Rules to choose arbitrators and acceptable hearing dates, and was granted an additional two weeks. Counsel filed a motion for reconsideration (asking now for a ten and one-half week extension), and thereafter filed a motion to vacate the grant of two weeks rather than the requested ten. These motions were filed prior to the setting of the hearing date, and D.C.Code § 16–4311(a)(4) by its terms permits court intervention into the arbitration process only to the extent that an arbitration authority presented with good cause refuses to extend time for a *hearing.* We therefore question whether the Arbitration Act provides a statutory basis for a court's vacation of an award based on the arbitrator's refusal to grant the full measure of a party's request for additional time before he is required to take the steps necessary to start the arbitration process itself.

 Even if the Act does cover these types of extension requests, a question we do not decide, we conclude upon a review of the record that insufficient good cause was presented to the arbitrator for the requested extension of more than ten times the amount of time provided in the Arbitration Rules for the selection of arbitrators and hearing dates. The motions set forth only that counsel had a "heavy litigation schedule" in two "multi-million dollar

cases"; counsel did not provide any details of this schedule or any explanation of why no date was convenient for a hearing within the requested two months' extension period in a case of little complexity. The arbitrator acted reasonably in granting counsel three weeks, rather than the one week provided by the Rules, for the filing of the requisite forms, and counsel has stated no grounds for vacation of the award on the basis that the entire extension request was not granted.

The key motion for purposes of our review under section 16–4311(a)(4) is the December 30, 1983 motion by counsel for Capozio entitled "Motion to Vacate AAA's Notice of a Hearing." This motion was filed after the arbitration authority, having heard nothing from Capozio, acted pursuant to its rules, *see supra* notes 1, 3, and chose an arbitrator based on Hitt's submission; the arbitrator then set the hearing date for January 20, 1984. We must decide whether counsel, by his December 30 motion, conveyed a request for an extension of time for the hearing to the arbitrator, and if he did so, whether he set forth sufficient cause for the requested extension so that the hearing that proceeded after this request was denied should be vacated.

■ A review of the December 30 motion reveals no request in that pleading for an extension of time for the January 20 hearing. Unmentioned in the body of the motion is the hearing date set by the arbitrator or the reason that the date selected would be inconvenient for counsel. Counsel addressed his motion only to the issues of the AAA's three previous denials of an

additional eight-week extension of time; to alleged *ex parte* conferences between the Hitt Co. and the AAA; and to the AAA's allegedly improper denial of a prehearing conference.[7] Counsel contended that all of these "improper" actions were based on the AAA's "secret law" (Dec. 20 Motion at 4, 5, 6 ¶ 1, 6 ¶ 2), and that by reason of those actions Capozio would not participate further in the arbitration process (Motion at 2). The AAA could only consider this motion to be a reassertion of the contention that the selection of arbitrators and dates should have been delayed, a contention that the Association had rejected three times before. The motion requested, yet again, that counsel be given an additional eight weeks to choose arbitrators: in other words, that the arbitration process essentially begin anew. We cannot agree with appellant that the fact that the Association did not rule on this motion for a fourth time prior to the date set for the hearing (with the consequence that the hearing was held as scheduled) is an abuse of discretion of the type warranting vacation of the award under the Arbitration Act.

It should be noted that the AAA anticipated that arbitration of this dispute would require a single day, since it involves a relatively simple consumer transaction, with a small amount in dispute and few witnesses to be called. In keeping with the purpose of arbitration, to provide a swift and sure dispute resolution process, *see Brandon*, 439 A.2d at 509, once the process has been initiated by a party, the AAA Rules provide for relatively strict time periods within which the parties must act. The parties expressly adopted this framework

7. The contention that the award should be vacated because the AAA unreasonably refused to schedule a pre-hearing conference under AAA Rule 10 is without merit. Rule 10 provides that in the absence of a request from "the parties," the scheduling of a pre-hearing conference is discretionary with the AAA. The AAA interprets the language of this rule to require a joint request from the parties prior to the use of a pre-hearing conference, and here, the Hitt Co. objected to the delay involved in scheduling such a conference. In addition, the AAA stated to counsel that the purpose of the conference is to expedite arbitration in cases involving large claims, and that accordingly, its policy is to schedule such conferences only in large cases. This is not such a case. Therefore, it was not error, under the rules agreed to by the parties, for the arbitrator to refuse appellant's request for a pre-hearing conference. Moreover, the Arbitration Act, *supra*, provides no basis for vacation of an award on the grounds that the arbitrator refused to schedule a conference requested by one party to the arbitration.

by contract. Indeed, it must also be pointed out that the contract between the parties provided that they could avoid arbitration by mutual agreement, and that it was Capozio who insisted that the arbitration framework contemplated by the agreement be adhered to.[8] Capozio not only agreed by her contract with Hitt to submit any dispute to arbitration under the auspices of the AAA, she also specifically agreed to be bound by the AAA's Construction Industry Arbitration Rules. Under these circumstances, there was no abuse of discretion warranting vacation of the award in the AAA's refusal to rule favorably upon appellant's December 20 motion.

 Even if we assume that the arbitration authority should have ignored the plain words of counsel's motion and construed it as a request that the hearing set for January 20 be delayed, the motion did not present the arbitration authority with the "good cause" that warrants an extension under the Arbitration Act. Counsel gave no specific reason why he would be unable to attend the hearing on that date. He simply renewed his contention that the requested extension had been improperly denied, based on the following:

> It obviously takes a significant amount of additional time for counsel who is unfamiliar with AAA's list of arbitrators to learn the relevant qualifications and biases of each potential arbitrator in order to protect the client's interests.... It also obviously takes a significant amount of additional time to prepare any appropriate counter-claims ... to identify the documents and persons to be subpoenaed ... (as well as any pre-hearing discovery), to prepare the evidence to be

submitted by affidavit ... and to determine whether an inspection ... would be appropriate.

Had counsel instead filed a motion setting forth, first, that the January 20 hearing date was inconvenient, second, the specific reason counsel could not be present on that date, and third, a specific date within a reasonable time of the scheduled hearing when he could be present, we would now be faced with a question under D.C.Code § 16–4311(a)(4). No such question is presented here, where counsel asked only that he be permitted to "start over," *i.e.,* that he be given the eight-week extension to choose arbitrators and a hearing date, when this request had been denied three times previously by the AAA acting within its discretion, and when no "cause" was presented for the extension other than an undefined "heavy litigation schedule" and an alleged burden on counsel to prepare this case for the hearing.

Moreover, knowing the speed of the arbitration process once it is initiated, and especially once three requests for extensions of time to select arbitrators had been denied, counsel had an obligation to his client to inform her that in light of his other commitments he could not properly prepare for a hearing in January. Instead, he announced her "withdrawal" from an arbitration process that counsel himself had insisted upon on behalf of his client. Under these facts, no question is raised of the scope of our authority under section 16–4311(a)(4) to vacate an award where an extension request based on "good cause" was denied, because no such "good cause" was presented to the arbitrator.[9]

8. Hitt Co. originally attempted to collect the debt at issue here by recourse to the court system. Counsel for Capozio was successful in having the litigation dismissed based on the parties' agreement to arbitrate. Although five months elapsed between the dismissal of Hitt's complaint and Hitt's demand for arbitration, the record does not support Capozio's contention that this delay had any bearing whatsoever upon her subsequent requests for continuances.

9. Appellant also maintains that counsel had medical reasons for an extension of time, which the arbitration authority failed to consider. Specifically, appellant points us to a three-line footnote on the last page of the seven-page motion to vacate filed December 20. There counsel stated the following:

> [I]n addition to the reasons set forth in Mrs. Capozio's previous filings, additional time will also be necessary because counsel is scheduled for surgery in early January 1984.

The single case cited by appellant to support her contention that the arbitrator's actions upon receipt of counsel's December 20 motion justify vacation of the award is *Tube & Steel Corp. v. Chicago Carbon Steel Products*, 319 F.Supp. 1302 (S.D.N.Y. 1970). That case, however, is inapposite. In *Tube & Steel*, the respondent requested a one-week continuance; in this case, in contrast, appellant's counsel three times demanded a ten-week continuance before he would enter the arbitration process. In *Tube & Steel*, unlike this case, the respondent was proceeding pro se, and in addition it was necessary for him to travel a thousand miles to attend the hearing; in contrast, Capozio's counsel maintains a local practice. The most important difference between the two cases is the fact that in *Tube & Steel* the AAA had twice noticed hearing dates to which the respondent had agreed; the arbitrator then unaccountably moved a set date forward by one week to suit his own convenience. Under those circumstances, the court found that respondent was sufficiently prejudiced by the holding of a hearing in his absence to justify vacation of the award. The rationale of *Tube & Steel* is inapplicable in these very different circumstances.

■ Appellant also alleges that it was improper for the arbitrator to proceed in her absence with the arbitration on an *ex parte* basis. AAA Rule 30, incorporated into the parties' contract by reference, provides, however, that "the arbitration may proceed in the absence of any party, who, after due notice, fails to be present...." In that event, "the party who is present [shall be required] to submit such evidence as deemed necessary for the making of an award." [10] Thus, the rules for dispute resolution incorporated within the parties' contract expressly provide for the type of *"ex parte"* hearing complained of here.[11] Accordingly, the trial court did not err in refusing to vacate the award on the basis that the claimant obtained it through *ex parte* contact with the arbitrator; the hearing was held *ex parte* pursuant to the AAA rules only because appellant and her counsel declined to be present.

■ We also find no improper *ex parte* contacts at the pre-hearing stage that justify vacation of the arbitrator's award. Rule 40 of the AAA Rules provides that "[t]here shall be no communication between the parties and an arbitrator other than at oral hearings. Any other oral or written communications from the parties to the arbitrator shall be directed to the AAA for transmittal to the arbitrator." This rule serves the salutary purpose, well established in the law, of avoiding bias or corruption in the arbitration process by preventing a party from communicating with the arbitrator absent notice to the other party and an opportunity for him to respond.[12] Under

---

Significantly, nowhere in the record is there any description of the seriousness of the contemplated surgery nor of the anticipated period of time, if any, in which counsel would be incapacitated as a result. (In addition, in neither the record nor the briefs filed by the parties is there any assertion that counsel actually underwent surgery during the period in question, and counsel did not so assert at oral argument before this court.) The total lack of emphasis given by counsel to this medical reason for a postponement and the placement of this issue in a footnote on the last page of the motion persuades us that the AAA could reasonably have overlooked the issue entirely. Even if this grounds for delay had been prominently displayed in the body of the motion, counsel's bare request for a ten-week extension, unsupported by a specification of the seriousness of the surgery or of the anticipated time in which he would again be available for a hearing, presented insufficient "good cause" to warrant our vacation of the arbitration award under D.C.Code § 16-4311(a)(4).

10. "Refusal to attend a meeting when notified by the arbitrator constitutes a waiver" of the right to appear and present evidence. 16 W. JAEGER, S. WILLISTON ON CONTRACTS § 1920A, at 241 (3d ed. 1976.)

11. In general, an arbitration award may be based on *ex parte* evidence where a party properly notified fails to appear, 16 W. JAEGER, *supra* note 10, § 1920A, at 247.

12. *See, e.g., Crosby-Ironton Federation of Teachers Local 1325 v. Independent School Dist. No. 182, Crosby-Ironton*, 285 N.W.2d 667, 670 (Minn. 1979) (likelihood that award would be vacated

this rule, the AAA is to serve as a screen for all communications from the parties to the arbitrator to avoid even the appearance of bias.

Appellant does not complain of any direct pre-hearing contacts between the Hitt Co. and the arbitrator, Jerry Craft. Rather, she directs our attention to a letter from the Hitt Co. addressed to the AAA opposing an extension of time. This communication was passed along to the arbitrator by the AAA, together with appellant's original motion. The AAA also requested that Craft contact it about the motion; there is no evidence that he did, or that if he did, what, if any, information was exchanged. Apparently, appellant would have us establish a rule that the AAA may not communicate independently with an arbitrator about a pending case, and that it may not forward papers to the arbitrator on pending motions of which all the parties have notice if those papers in any way reflect upon the case's merits. Such a rule would be unworkable. In the absence of any evidence that the Hitt Co. attempted to influence the arbitrator directly through pre-hearing contacts, or of evidence that the AAA forwarded information from the Hitt Co. to the arbitrator without providing appellant with notice and an opportunity to respond, we hold that there was no impropriety in the exchange of information complained of by appellant, and accordingly, the trial court did not err in declining to vacate the award on that basis.

 Finally, appellant contends that the trial court erred in refusing to modify the award to reflect the original contract between the parties, which provided for payment of $666. This contention is without merit. The original contract was subsequently modified by a written change order, signed by Mrs. Capozio, providing for additional work by Hitt Co. for the additional consideration of $1,560. Plainly, therefore, the arbitrator's award of $2,226 was not simply random, but was based on the sum of the amount owed under the original contract and the amount owed under the change order.

For all of the above reasons, the order of the trial court confirming the award by the arbitrator of $2,226 to the Hitt Co. is

*Affirmed.*

---

in event of private communication between a party and arbitrator; strong presumption in that event that award made was procured by corruption, fraud, or other undue means).