**Hugh Newell JACOBSEN, Appellant,**

v.

**Amie W. BLOCK, et al., Appellees.**

**No. 98–CV–964.**

District of Columbia Court of Appeals.

Argued Sept. 7, 1999.
Decided Jan. 27, 2000.

---

James F. Lee, Jr., with whom William J. Carter, Washington, DC, was on the brief, for appellant.

Roger M. Adelman, Washington, DC, for appellees.

Before FARRELL, REID and GLICKMAN, Associate Judges.

REID, Associate Judge:

In this residential construction contract case, appellant Hugh Newell Jacobsen challenges the trial court's judgment dismissing his legal action to enjoin appellees Amie W. and Huntington T. Block from pursuing their demand for arbitration. Mr. Jacobsen contends that the trial court erred in failing to (1) address whether the Blocks' arbitration demand was barred by the statute of limitations, and (2) conclude that, under the limitations period set forth in the construction contract, the Blocks failed to file a timely demand. We reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

## FACTUAL SUMMARY

The record before us reveals the following events. In Spring 1991, the Blocks decided to construct a residence on Nantucket Island in Massachusetts. In July 1991, they entered into a standard owner/architect contract with Mr. Jacobsen who agreed to perform architectural services for the construction. The Blocks accepted the house from the contractor on July 31, 1992, and signed the certificate of substantial completion. They did not begin actual occupation until Summer 1993 because construction continued into 1993.

In late Summer 1993, the Blocks noted problems with the radiant floor heating system. They contacted the construction contractor and the plumbing and heating contractor to express their concern and their desire to have the system corrected by Summer 1994. In Summer 1994, the plumbing and heating contractor advised the Blocks that the heating system was working properly. Nonetheless, the Blocks again experienced problems with the heating system in Summer 1995 as well as Summer 1996. The contractors concluded that the problems were mechanical. A heating specialist recommended certain adjustments in 1996. The adjustments were made, but the problems continued. Mr. Block also contacted the California manufacturer of the radiant heating system, eht Sigmund. An engineer for the manufacturer concurred that the problems were mechanical, and recommended that the temperature of water feeding into the heating coils which were inside concrete supporting slabs be raised. This step, as well as additional mechanical changes in November and December 1996, did not resolve the problems.

During Fall 1996, the contractors advised Mr. Block of an air gap in the floor. Mr. Block in turn informed Mr. Jacobsen about the air gap. Mr. Jacobsen had changed the original design of the flooring, and it was suspected that the change may

have contributed to the air gap. After heating tests proved unsuccessful in January 1997, Mr. Block hired a heating engineering specialist in February 1997. Mr. David Elovitz was asked to evaluate the design of the heating system. Mr. Elovitz completed his report in March 1997. He identified thirteen defects in the design of the heating system as the cause of the problems. Specifically he concluded, *inter alia*, that the air gap in the flooring was caused by the elimination from the original construction design of the specification for gypsum concrete, and that the reliance on a radiant heating system, without a supplementary system, "was an inherently deficient design." Subsequently, the Blocks filed their arbitration demand on January 29, 1998.

In May 1998, in response to Mr. Jacobsen's motion to enjoin the Blocks' demand for arbitration, the motions judge

> conclude[d] that the contract language between the parties in this case gives broad authority to the arbitrator to decide all factual and legal issues relating to a request for arbitration pursuant to the contract, including whether the request for arbitration is timely. Therefore, the petition for an injunction is without merit, and it would be improper for the court to grant such relief when the parties have contracted for all disputes to be decided by the arbitrator.

Mr. Jacobsen filed a timely motion for reconsideration. Before the motions court disposed of his motion for reconsideration, Mr. Jacobsen filed his notice of appeal.

## ANALYSIS

### The Jurisdictional Issue

After Mr. Jacobsen filed his notice of appeal, the Blocks moved to dismiss the appeal on the ground that the motions court had not ruled on Mr. Jacobsen's motion for reconsideration, and therefore, this court lacked jurisdiction. Subsequently, after oral argument in this matter, during which we questioned whether this court had jurisdiction since his motion was pending before the motions court, Mr. Jacobsen withdrew his motion for reconsideration. The Blocks again moved to dismiss the appeal. We conclude that we have jurisdiction to hear the appeal.

 Mr. Jacobsen filed his notice of appeal on June 18, 1998, while his timely motion for reconsideration was pending in the Superior Court of the District of Columbia. His motion for reconsideration, which must be characterized as a motion under Super. Ct. Civ. R. 59(e) to alter or amend judgment, *see Capozio v. American Arbitration Ass'n*, 490 A.2d 611, 614 n. 5 (D.C.1985), tolled the time for filing an appeal. When Mr. Jacobsen withdrew his motion for reconsideration, his June 18th notice of appeal ripened. No further action was required from the motions court, and thus, the May 1998 order achieved finality. Under "these circumstances, we treat[ ] the premature notice of appeal as effectively permitting us to rule on the appeal ...." *Carter v. Cathedral Ave. Coop., Inc.*, 532 A.2d 681, 683 (D.C.1987). Accordingly, because we have jurisdiction to hear this appeal, we now turn to the merits.

### The Contractual Issue

 Mr. Jacobsen contends that the motions judge erred in failing to determine whether the Blocks' arbitration demand was barred by the statute of limitations. The Blocks maintain that the construction contract required the statute of limitations issue to be resolved by the arbitrator. They rely on paragraph 7.1 of the contract which specifies:

> Claims, disputes or other matters in question between the parties to this Agreement arising out of or relating to this Agreement or breach thereof, shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise.

This contract language does not explicitly address whether the arbitrator or the court should resolve statute of limitations issues. In *Capitol Place I Assocs. v. George Hyman Constr. Co.*, 673 A.2d 194, 196 (D.C.1996), "the parties generally agreed to arbitrate claims arising from the contract." Despite this contractual language, "we h[e]ld that whether the statute of limitations has run is for the court to decide in the absence of an unambiguous contractual provision to the contrary." *Id.* at 198. In this matter, we conclude that paragraph 7.1 of the contract between Mr. Jacobsen and the Blocks does not unambiguously assign to the arbitrator the resolution of the statute of limitations issue; thus this issue should have been resolved by the motions judge. Hence, this matter must be remanded to the motions court.

We turn to one other issue to facilitate the resolution of the statute of limitations issue on remand, whether the discovery rule is applicable to the residential construction contract between Mr. Jacobsen and the Blocks. Mr. Jacobsen argues that it is not applicable; the Blocks contend that it is applicable.

The residential construction contract between Mr. Jacobsen and the Blocks contains two provisions relating to the time in which an arbitration demand must be made. Paragraph 7.2 provides:

> Demand for arbitration shall be filed in writing with the other party to this Agreement, and with the American Arbitration Association. A demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statutes of limitations.

Paragraph 9.3 specifies:

> [The] Causes of Action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion, or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial completion.

Mr. Jacobsen argues that because the Blocks signed the certificate of substantial completion on July 31, 1992, the three year statute of limitations began to run on that date, and consequently, expired long before the Blocks filed their 1998 demand for arbitration. The Blocks maintain that because they were not "sophisticated parties" to the contract, the discovery rule applies, and that the statute of limitations did not begin to run until the report from Mr. Elovitz revealed a design defect, as opposed to originally suspected mechanical problems.

In *Capitol Place I, supra,* we assumed, without deciding, that "the discovery rule is applicable in the context of commercial construction disputes, [but] f[oun]d it inapplicable" in that case. 673 A.2d at 200 (footnote omitted). It was inapplicable because the appellant was a "sophisticated owner" who had received abundant early warning of the defects of which he belatedly complained. *Id.* We reiterated that: " 'The discovery rule does not [ ] permit a plaintiff who has information regarding a defendant's negligence, and who knows that she [or he] has been significantly injured, to defer institution of suit and wait and see whether additional injuries come to light." *Id.* (quoting *Colbert v. Georgetown Univ.*, 641 A.2d 469, 473 (D.C.1994) (en banc)). The Blocks maintain that they are "unsophisticated parties" and thus the discovery rule should apply to their residential construction contract. On the other hand, the contract in *Capitol Place I* contained no language—such as that in this case—expressly declaring when the statute of limitations began to run.

Mr. Jacobsen calls our attention to a 1999 Fourth Circuit case in which the court declined to apply the discovery rule in the face of contractual language, similar to paragraph 9.3 in the Blocks' contract, explicitly governing the time for filing legal action, *Harbor Court Assocs. v. Leo A. Daly Co.*, 179 F.3d 147 (4th Cir.1999). That case concerned a commercial construction contract between "sophisticated parties" or "sophisticated business actors ." The record before us is insufficient to determine whether the Blocks may be deemed "sophisticated parties." Moreover, it is unresolved in this jurisdiction whether the discovery rule should apply in the context of a residential construction contract containing an arbitration provision, and whether a contractual provision intended to waive the benefits of the discovery rule will be enforced even if one of the contracting parties is deemed "unsophisticated." These issues should be addressed in the first instance on remand.

Accordingly, we remand this matter to the trial court for further proceedings consistent with this opinion.

*So ordered.*