Dale A. COOTER and Cooter, Mangold, Tompert & Wayson, P.L.L.C., Appellants,

v.

Gerald F. CHAPMAN, Appellee.

No. 05–CV–1042.

District of Columbia Court of Appeals.

Nov. 10, 2005.

Dale A. Cooter and Donna S. Mangold, were on the appellants' response to the court's order to show cause.

Before RUIZ, Associate Judge, and NEWMAN and NEBEKER, Senior Judges.

PER CURIAM:

On July 21, 2005, following a hearing, the Superior Court filed an order in open court which accepted the findings of a special master and granted judgment in favor of the appellee, Gerald F. Chapman, on his breach of contract and breach of fiduciary duty claims against the appellants, Dale A. Cooter and Cooter, Mangold, Tompert & Wayson, P.L.L.C. The Clerk of the Superior Court docketed and mailed that judgment the following day, July 22nd. On August 1, 2005, the appellants filed a "motion to correct judgment" which was granted on August 10th. A notice of appeal, citing both the original and corrected judgment as the matters to be reviewed, was then filed on August 25th. However, on October 5th this court ordered the appellants to show cause why their appeal should not be dismissed for lack of jurisdiction as having been untimely filed to the extent it sought review of the in-court judgment rendered on July 21, 2005. The appellants have filed a timely response which satisfies our jurisdictional concerns. We write now only to identify a change in our proceedings and jurisprudence caused by recent revisions to our rules of appellate procedure.

█ A notice of appeal in a civil case must be filed within thirty days after judgment is entered in accordance with the rules of the Superior Court. D.C.App. R. 4(a)(1), (6). Those rules, in turn, provide that a judgment must be set forth on a separate document and is not effective until this is accomplished. Super. Ct. Civ. R. 58. Applying these principles, appellants' August 25th notice of appeal was filed three days late. While August 22nd was actually the thirty-first day after the order was docketed on July 22, 2005, it was still the correct filing date since the thirtieth day, August 21, 2005, was a Sunday and must be excluded from our calculations. D.C.App. R. 26(a)(3). For this reason, and since there was nothing in the notice of appeal or the trial court's docket indicating whether the motion to "correct" was a tolling motion within the meaning of our rules, we called on appellants to address these points in an order to show cause. *See* D.C.App. R. 4(a)(4).

█ In response, appellants correctly assert that when notice of the entry of judgment is required to be served by mail—as it is in virtually all civil cases, *see* Super. Ct. Civ. R. 77(d)—the time for noting an appeal does not begin until five days after the Clerk of the Superior Court makes an entry on the docket reflecting the mailing of this notice, D.C.App. R. 4(a)(6). Since the five day period is calculated separately, *Singer v. Singer*, 583 A.2d 689, 690–91 (D.C.1990), and excludes intervening weekends and holidays, D.C.App. R. 26(a)(2), appellants reasonably conclude that their notice was not due until August 29, 2005. But we have said, in *District of Columbia v. Murtaugh*, that when, as here, an order or judgment is entered or decided in the presence of the parties, these mailing provisions do not

apply. 728 A.2d 1237, 1242 (D.C.1999). However, *Murtaugh* was interpreting the predecessor to our current Rule 4(a)(6), and that older rule contained explicit language limiting its mailing extensions to orders or judgments that are "entered or decided out of the presence of the parties and counsel . . . ." D.C.App. R. 4(a)(3) (1985). By contrast, the current rule, which became effective on January 2, 2004, contains no such qualification; the limitation has been removed entirely. *See* D.C.App. R. 4(a)(6). We, therefore, conclude that *Murtaugh's* "in the presence of" exclusion does not apply to our current rules and that the notice in this case was timely filed on August 25, 2005.[1]

Accordingly, the court's order to show cause is hereby discharged and this appeal may proceed.

*So ordered.*

---

1. Appellants' response also demonstrated that the motion to "correct" was in fact a tolling

Rule 59(e) motion to alter or amend the judgment. *See* Super. Ct. Civ. R. 59(e).